UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ATHENA PROPERTY GROUP, LLC, et al. ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | No. 1:24-cv-00232-CMS |
| ) | |
| CITY OF CAPE GIRAREDEAU, MO, et al. ) | |
| ) | |
| **Defendants.** ) | |

## MEMORDANDUM AND ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim of Defendants KeenMac, LLC, d/b/a Roni's Mac Bar ("KeenMac"), and SEMO Cardinal Group, LLC ("SEMO Cardinal"), collectively "the private Defendants." (Doc. 22). For the reasons set forth below, the private Defendants' motion is DENIED IN PART and GRANTED IN PART. Defendants' motion is DENIED as to Count I and GRANTED as to Count II. Count II of Plaintiffs' petition against Defendants KeenMac and SEMO Cardinal is DISMISSED.

### BACKGROUND

According to Plaintiffs' petition, on August 22, 2024, Todt Roofing & Construction applied for a special use permit on behalf of SEMO Cardinal with Defendant the City of Cape Girardeau ("the City") to renovate Defendant KeenMac's property to construct, operate, and maintain a drive-through. (Doc. 4 at 5); (Doc. 1 at 27–28). Because of site constraints, this drive-through window had to be placed on the alley

1

side of the building and use the alley as the drive-through. (Doc. 1 at 27–28). Plaintiffs Athena Property Group, LLC; APG Limited, LLC; Shiloh, LLC; and Remedy Capital, LLC, are owners of property in Cape Girardeau, all of which use the alleyway to access their properties. (Doc. 4 at 3). Plaintiffs did not receive mailed notice of the City's Planning and Zoning Commission hearing where the Commission voted to recommend the permit to the City Council. (Doc. 4 at 5).

Plaintiffs allege they were not aware of and did not appear at the City Council's hearing on October 7, 2024, when the City Council held a hearing for its first reading of Bill No. 24-101, an ordinance granting a special use permit to KeenMac for a drive-through window.[1] (Doc. 1 at 13–14); (Doc. 1 at 40). Plaintiffs did appear and expressed concern over the permit at the City Council's next hearing on the permit on October 21, 2024, when the Council conducted its second and third reading of the ordinance. (Doc. 4 at 7). Plaintiffs' main concern was that the drive-through window would inhibit their use of the alley by blocking access to the alley from Broadway Street. (Doc. 4 at 7).

The Council postponed its decision until November 4, 2024, when it held another public hearing and voted to approve the special use permit. (Doc. 4 at 7).

Plaintiffs filed the instant action in the Circuit Court of Cape Girardeau County, Missouri, against Defendants the City of Cape Girardeau, KeenMac, and SEMO Cardinal. (Doc. 1). Subsequently, Defendants removed the case to this Court. *Id.* In their

---

[1] It is unclear when the recipient of the special use permit became KeenMac rather than SEMO Cardinal.

2

petition, Plaintiffs seek judicial review of the City's decision to issue the permit and claim the City's issuing the permit amounted to inverse condemnation. (Doc 4 at 10–12).

More specifically, Plaintiffs bring claims against Defendants in two counts: Count I proceeds under RSMo. § 536.150, which allows a plaintiff to bring suit to "order the administrative officer or body" that rendered a decision "to take further action as it may be proper to require . . ."; Count II alleges inverse condemnation of Plaintiffs' property by Defendants in violation of both the Missouri and United States Constitutions.

## ANALYSIS

The private Defendants, KeenMac and SEMO Cardinal, (and not the City of Cape Girardeau) filed a Motion to Dismiss for Failure to State a Claim seeking dismissal of both counts against them. (Doc. 22 at 5). For a complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 555, 570, 127 S.Ct. 1955 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). The facts in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Park Irmat Drug Corp. v. Express*

3

*Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)).

On a motion to dismiss, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Gunter v. Morrison*, 497 F.3d 868, 873–74 (8th Cir. 2007)). The Court may also consider documents attached to the complaint and materials necessarily embraced by the pleadings. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

### Count I

Plaintiffs' first count requests a declaratory judgment that the City's grant of the special use permit to Defendants KeenMac and SEMO Cardinal was "unconstitutional, unlawful, unreasonable, arbitrary, capricious and constitutes an abuse of discretion," and that the special use permit is thus "void and without legal force or effect." (Doc. 4 at 10–11). Plaintiffs also request preliminary and permanent injunctions prohibiting Defendants KeenMac and SEMO Cardinal from operating the drive-through window and from "using and/or enforcing the special use permit that authorizes a drive-through." (Doc. 4 at 11).

Plaintiffs couch Count I in RSMo. § 536.150, which states in relevant part:

> When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action . . . the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious

4

or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require . . . .

While this provision deals with a court's review of a decision of an "administrative officer or body" in certain circumstances, it allows a court to enter a declaratory judgment declaring a special use permit void in those circumstances. *See, e.g.*, *PMS 4583 LLC v. City of New Melle*, 639 S.W.3d 10, 19–20 (Mo. Ct. App. 2021) ("Because the City fails to demonstrate that another law requires administrative review of the Board's zoning decision under Section 89.110, the Schepis properly pursued their Declaratory-Judgment Claim under Section 536.150.").

Although a declaratory judgment is a permissible remedy under Section 536.150, whether Section 536.150 allows for that remedy against private defendants is another question altogether. None of the Section 536.150 cases reviewed by the Court include private defendants, and those cases only serve to emphasize the limited scope of Section 536.150. *See PMS 4583 LLC*, 639 S.W.3d at 16 (noting that seeking declaratory judgments against the wrong type of government action is invalid under Section 536.150); *see also Double AA Mkt., LLC v. City of St. Louis*, 703 S.W.3d 694, 699 (Mo. Ct. App. 2024) (quoting RSMo. § 536.150) ("Essential for review under Section 536.150 is that the underlying decision is not subject to administrative review and 'there is no other provision for judicial inquiry into or review of such decision.'"). Apparently acknowledging the limits of Section 536.150, Plaintiffs' argument that Section 536.150 allows for a declaratory judgment against the private

5

Defendants relies on the interplay between the statute and the Missouri Supreme Court Rules.

Plaintiffs reason that Missouri Supreme Court Rules 87.04 (declaratory judgments), 92.02 (injunctions), and 52.04 (required joinder), combined with Section 536.150, indicate that KeenMac and SEMO Cardinal are appropriate defendants in a Section 536.150 suit and are required to be parties to this suit. (Doc. 4 at 5–7). Simply put, Plaintiffs' argument relies on the wrong set of procedural rules. Fed. R. Civ. P. 1 mandates, "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Rule 81(c)(1) makes clear there is no exception for cases removed from state court: "These rules apply to a civil action after it is removed from a state court." Thus, Plaintiffs' citations to the Missouri rules for declaratory judgments, injunctions, and joinder are inapt.

Fed. R. Civ. P. 57 governs declaratory judgments. Rule 57 states that the Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Section 2201 allows "any court of the United States, upon the filing of an appropriate pleading" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Unlike Missouri Rule 87.04, which requires, when declaratory relief is sought, the joinder of "all persons . . . who have or claim any interest which would be affected by the declaration," Section 2201 speaks only of the interested parties "seeking such declaration . . . ." Thus, Plaintiffs' premise that their declaratory judgment action requires

retaining the private Defendants as parties is incorrect when the proper federal, not state, rule is applied.

Plaintiffs also seek preliminary and permanent injunctions against the private Defendants pursuant to Section 536.150.[2] Under the plain language of the statute, this Court cannot enjoin the conduct of either KeenMac or SEMO Cardinal because neither defendant is an "administrative officer or body." None of the parties has provided, nor has this Court found, any example of an injunction against a private defendant under Section 536.150. (Docs. 22, 23, 28, 29).

Finally, Plaintiffs argue the private Defendants are indispensable parties and thus must remain in the suit. To decide that question, the Court must determine whether the private Defendants, if they were non-parties to this suit, would be joined as parties under Rule 19(a). *See generally Equal Emp't Opportunity Comm'n v. Cummins Power Generation Inc.*, 313 F.R.D. 93 (D. Minn. 2015) (citing *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984)). Rule 19(a)(1) states:

> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

---

[2] Fed. R. Civ. P. 65 governs preliminary injunctions. Rule 65 does not say anything about the proper parties to a preliminary injunction action. While there is not a rule specific to permanent injunctions, this Court's research uncovered cases from several districts within the Eight Circuit applying Fed. R. Civ. P. 19 to determine whether parties to an action seeking an injunction were indispensable. *See, e.g., Family Dollar Stores of Mo., LLC v. Tsai's Inv., Inc.*, No. 4:21-CV-572-SRW, 2022 WL 355109 (E.D. Mo. Feb 7, 2022); *CRST Expedited, Inc. v. Swift Transp. Co. of Ariz., LLC*, No. 17-CV-25-CJW, 2018 WL 2016274 (N.D. Iowa Apr. 30, 2018); *Murphy by Murphy v. Minn. Dep't of Human Servs.*, 260 F.Supp.3d 1084 (D. Minn. 2017); *Lamplot v. Heineman*, No. 4:06CV3075, 2006 WL 345837 (D. Neb. Nov. 29, 2006). The Court engages in that analysis below.

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiffs allege in their petition that Defendants KeenMac and SEMO Cardinal have an interest in the special use permit and, without the permit, the private Defendants would be unable to operate the drive-through window. The private Defendants respond that they are not indispensable parties whether they require a special use permit to operate the drive-through or not.

On one hand, in their Motion to Dismiss, the private Defendants insist they have no interest in the special use permit because they were not required to obtain the permit in the first place and sought it only voluntarily. (Doc. 22 at 3–4). The private Defendants point to Cape Girardeau Rev. Ordinances Ch. 30, § 30-65(e) (2023), which states: "(1) All permitted uses shall be conducted entirely indoors except the following. . . . b. Eating or drinking facilities." They argue that the drive-through, which is an eating or drinking facility, is a permitted use, rendering the special use permit unnecessary. (Doc. 22 at 6).

This position would seem to effectively avoid the requirement of Rule 19 that Defendants "claim[] an interest relating to the subject of the action." Rule 19(a)(1)(B). Thus, Defendants maintain that disposing of the action in their absence would not "as a practical matter impair or impede their ability to protect that interest." *See* Rule 19(a)(1)(B)(i).

8

On the other hand, in their Reply to Plaintiffs' Memorandum in Opposition to the Motion to Dismiss, the private Defendants argue they are not indispensable parties for precisely the opposite reason:

> Plaintiffs claim that if they are successful, and this Court finds that the special use permit is void, they would then have to file another lawsuit to prohibit Defendants SEMO Cardinal and KeenMac from continuing to operate the drive-through. This is absurd. If Plaintiffs prevail, the Court will order the City of Cape Girardeau to revoke the special use permit, as it would then be found to be void, and the City of Cape Girardeau will then order Defendants to cease using the alley as a drive-through, as there will be no special use permit allowing it [to] do so. . . . It is not necessary for Defendants to be improperly joined in Plaintiff's lawsuit for Plaintiffs to obtain the relief they seek. Nor will they have to file a separate lawsuit. Without a special use permit, Defendants cannot operate the drive-through. It is that simple.  (Doc. 29 at 5).

Pursuant to this position, Defendants seem to "claim[] an interest relating to the subject of the action," Rule 19(a)(1)(B), and acknowledge that disposing of the action in their absence may "as a practical matter impair or impede their ability to protect that interest," *See* Rule 19(a)(1)(B)(i). They nonetheless offer that, if this Court orders revocation of their special use permit in their absence, the private Defendants would readily oblige, contrary to their earlier position that they never needed a special use permit to begin with.

Considering Defendants' blatantly inconsistent positions regarding whether they needed a special use permit under the ordinance, a preliminary determination of that legal issue by this Court may inform the issue of whether Defendants are indispensable parties.

Under Missouri law, "[m]unicipal ordinances are interpreted using the same rules governing statutory interpretation." *DMK Holdings v. City of Balwin*, 646 S.W.3d 708,

9

712 (Mo. Ct. App. 2022) (citing *City of St. Peters v. Roeder*, 466 S.W.3d 538, 543 (Mo. 2015) (en banc)). Statutory interpretation's purpose "is to give effect to legislative intent as reflected in the plain language of the statute." *Id.* "Words contained in an ordinance should be given their plain and ordinary meaning." *Id.*

Cape Girardeau Rev. Ordinances Ch. 30, § 30-65(b) (2023) governs the Central Business District, where the property at issue is located. It lists all the permitted principal uses of subject properties in subsection (b), which includes "(26) Restaurants or bars." But it limits those uses under subsection (e)(1) which mandates, "All permitted uses shall be conducted entirely indoors except the following . . . ." *Id.* at § 30-65(e)(1).

Subsection (e)(1) then goes on to list all the exceptions. Two exceptions are relevant here. The first, as Defendants point out, is "b. Eating or drinking facilities." *Id.* The second is "m. Walk-up windows for food or beverage service, provided that such activities do not violate other provisions of the city Code." *Id.* Under the canon of surplusage, which dictates that a court "will not interpret the statute in a way that renders some phrases mere surplusage," *Ambers-Phillips v. SSM DePaul Health Ctr.*, 459 S.W.3d 901, 908 n.6 (Mo. 2015), the inclusion of the more specific exception for "walk-up windows for food or beverage service" would be surplusage unless "eating and drinking facilities" excluded such window service.

Though the ordinance specifically excepts walk-up windows, it contains no similar exception for drive-through windows. Since the list in subsection (e)(1) is exclusive ("*[a]ll permitted uses* shall be conducted entirely indoors *except the following*") (emphasis added), the lack of a drive-through window exception is determinative.

10

Though courts must use the canon *expressio unius est exclusio alterius* "with great caution," in this case "it would be natural to assume by a strong contrast that [] which is omitted must have been intended for the opposite treatment." *Disalvo Props., LLC v. Bluff View Commercial, LLC*, 464 S.W.3d 243, 245 (Mo. Ct. App. 2015) (internal quotations omitted).

At this early stage, the Court's initial interpretation of the statute is that the private Defendants' drive-through window required a special use permit. That interpretation happens to be entirely consistent with Defendants' most recent position. That interpretation also renders Defendants' previous position – that they did not need a special use permit, they do not claim an interest relating to the subject of this action, disposing of the action in their absence would not impair or impede their ability to protect any interest, and therefore they are not indispensable parties – incorrect as a matter of law.

Regardless of this Court's preliminary conclusion that the drive-through required a special use permit, the private Defendants otherwise are indispensable parties under Rule 19. Rule 19(a)(1)(A) requires joinder of a party if, in that party's absence, "the court cannot accord complete relief among existing parties." Similarly, Rule 19(a)(1)(B)(ii) requires joinder if the party claims an interest relating to the subject of the action, and disposing of the action in that party's absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Because a court's judgment binds only parties to the suit, *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011), the private Defendants would not be bound by this Court's judgment unless they are retained as parties. Notwithstanding Defendants' most recent representations that they need not be parties to this lawsuit because they required a special use permit and would voluntarily comply with a determination that the special use permit is void, this Court need not accept those representations at face value, particularly in light of Defendants' previous, contradictory position. If they were not parties to this lawsuit, Defendants could just as easily revert to their original position upon a determination that their special use permit is void and require Plaintiffs and/or the City to engage in additional litigation.

Accordingly, without the private Defendants as parties to this lawsuit, this Court could not afford complete relief among the existing parties pursuant to Rule 19(a)(1)(A). Likewise, disposing of this action in the private Defendants' absence may leave Plaintiffs, and the City as the sole remaining defendant, "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Rule 19(a)(1)(B)(ii).

The motion to dismiss Count I as to the private Defendants is DENIED.

### Count II

Plaintiffs' second Count alleges inverse condemnation by Defendants, including the private Defendants, KeenMac and SEMO Cardinal, in violation of the United States and Missouri Constitutions, and 42 U.S.C. § 1983. (Doc. 4 at 12). Inverse condemnation "is a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal

12

exercise of the power of eminent domain has been attempted by the taking agency." *United States v. Clark*, 445 U.S. 253, 257 (1980) (internal quotations omitted).

For Plaintiffs to state a claim under 42 U.S.C. § 1983, they must allege "sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). The test is the same whether to show "state action" under the Fourteenth Amendment or that Defendants were acting "under color of law" for purposes of Section 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931–32 (1982).

"As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar*, 457 U.S. at 936 (quoting *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). As the Supreme Court has observed:

> A private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function . . . ; (ii) when the government compels the private entity to take a particular action . . . ; or (iii) when the government acts jointly with the private entity . . . .

*Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (internal citations omitted). Here, Plaintiffs claim there was joint ("concerted") action by the City and the private Defendants. (Doc. 4 at 11). To demonstrate joint action, Plaintiffs must show that the actions of private Defendants are "fairly attributable" to the State through a two-part test. *Lugar*, 457 U.S. at 937.

13

First, the deprivation of right must be caused by the exercise of a right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. *Id.* Second, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* Action by a private party pursuant to a law is insufficient to qualify a private party as a state actor. *Id.* at 938–39. But joint participation between the private party and state officials "is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." *Id.* at 941.

Plaintiffs adequately allege the first step of the *Lugar* analysis. As stated in *Lugar*, "[w]hile private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute obviously is the product of state action." *Lugar*, 457 U.S. at 941. Plaintiffs allege that the private Defendants applied for a special use permit available under Chapter 30 of the Ordinances of the City of Cape Girardeau. (Doc. 4 at 4). Plaintiffs thus adequately allege facts to demonstrate with facial plausibility that the private Defendants used a procedural scheme created by the City of Cape Girardeau to get their special use permit.

Plaintiffs do not adequately allege the second step of the *Lugar* analysis. Plaintiffs argue in their Response that the documents they attached to their petition sufficiently establish an "agreement" between the City and the private Defendants. (Doc. 28 at 12–14). Plaintiffs' allegations of joint action boil down to the following: (1) the private Defendants received beneficial treatment; and (2) the City would require the private Defendants to enter a licensing and indemnity agreement. (Doc. 28 at 13–14); (Doc. 4 at 8).

14

Plaintiffs first allege that the private Defendants received beneficial treatment from the City during its application process. (Doc. 4 at 8). This allegation is based mainly on the City's granting the private Defendants' special use permit despite negative facts in the findings of the City Planner's Staff Report. (Doc. 4 at 8). Though the Staff Report included those negative facts, it ultimately made no recommendation. (Doc. 1 at 37). Also, while Plaintiffs characterize this as "uncommon," they allege no facts connecting it with any action of the private Defendants. (Doc. 4 at 8).

Plaintiffs also assert that the City ignored its "ordinance that requires the City to deny the special use permit if the City Council's finding is 'affirmative' as to any of the five factors." (Doc. 4 at 8). Though the City Planner's Staff Report included negative facts as to three of the five factors, the ordinance deals with the City Council's findings, not those of the City Planner. *See* Cape Girardeau, MO, Rev. Ordinances Ch. 30, § 30-104(b)(2) (2023) ("If the *council's* finding is negative as to all of the criteria in subsection (b)(1) of this section, the application may be granted; if affirmative as to any of the aforementioned criteria, then such special use permit shall be denied.") (emphasis added). Suffice it to say that, according to the petition and the attached documents, the City Council did not find in the affirmative as to any of the five factors, and the City thus did not violate the ordinance. *Id.*; (Doc. 1 at 56). Additionally, the City Council acted after the Planning and Zoning Commission recommended approval of the permit. (Doc. 1 at 13). Even taking Plaintiffs' factual allegations as true, they fail to connect the alleged beneficial treatment of the private Defendants by the City to joint action among the private Defendants and the City. (Doc. 4 at 8–12).

15

Plaintiffs also allege in their Response that the Staff Report's mention of a licensing and indemnity agreement demonstrates that the City and the private Defendants acted jointly. (Doc. 28 at 14). In support, they rely on *Heuer v. City of Cape Girardeau*, 370 S.W.3d 903 (Mo. Ct. App. 2012), a case involving an indemnity agreement. (Doc. 28 at 14). *Heuer* is, nonetheless, inapposite because it did not address whether a private defendant acted under color of state law. *Id.* at 910–15. Though the *Heuer* appellant had sued a private defendant as well as the City, he did not appeal the trial court's judgment as to the private defendant and the court had no occasion to consider the private defendant. *Id.* at 910.

Plaintiffs offer no further allegation supporting their claim that the indemnity agreement has any connection to the City's granting the special use permit. In fact, Plaintiffs make no allegation whatsoever about the indemnity agreement in their petition and mention the agreement for the first time in their Response. (Doc. 4 at 11–12); (Doc. 28 at 14).

Furthermore, what mentions there are of the indemnity agreement in the documents attached to Plaintiffs' petition do not demonstrate any connection between those agreements and any alleged state action. The Staff Report says nothing more than "[a] License and Indemnity Agreement is required for any items placed within or extending into the alley, such as awnings, canopies, signs, menu boards, etc." (Doc. 1 at 37). The only other mentions of indemnity agreements are in reference to other, unrelated resolutions in the minutes of the City Council's November 4, 2024, meeting. (Doc. 1 at 47). Thus, neither the Plaintiffs' petition nor the documents attached to the petition

16

support any connection between the alleged indemnity agreement and the City's granting the private Defendants a special use permit.

Finally, the Court notes that the Supreme Court in *Lugar*, the seminal case on joint action, emphasized its opinion did *not* hold "that a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law." *Lugar*, 457 U.S. at 939 n.12 (internal quotations omitted). Plaintiffs' factual allegations support no more than a plausible conclusion that the private Defendants merely invoked the City's legal procedures. As a matter of law, the petition fails to state a claim for action under color of state law by the private Defendants.

Therefore, the motion to dismiss Count II as to the private Defendants is GRANTED.

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. 22), is **DENIED** in part and **GRANTED** in part. Count II of Plaintiffs' petition is **DISMISSED** as to Defendants KeenMac, LLC, d/b/a Roni's Mac Bar and SEMO Cardinal Group, LLC.

Dated this 19th day of September 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE